J-S24040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBIN MCALLISTER | : | No. 350 EDA 2018 |

Appeal from the Order January 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005311-2017

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

CONCURRING MEMORANDUM BY LAZARUS, J.:          **FILED JULY 03, 2019**

I fully join in the majority's decision to reverse the trial court's order and remand for further proceedings.  After reviewing the photo array at issue, I write separately to state that though the record technically supports the trial court's factual findings, the standard governing suggestiveness ultimately undermines the court's legal conclusions.

The trial court found the following factors impermissibly highlighted McAllister within the six-person photo array:  1) McAllister had a larger beard; 2) McAllister "appeared larger within his picture than the other five individuals[;]" 3) McAllister had no tattoos, but two others did; 4) McAllister either had notably more or noticeably less hair than the others; and 5) McAllister's skin tone was dissimilar from the others.  ***See*** Trial Court Opinion, 7/20/18, at 4–6.

As stated by the majority, the relevant standard at issue is as follows:

_____

* Former Justice specially assigned to the Superior Court.

Identification evidence will not be suppressed unless the facts demonstrate that the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Photographs used in line-ups are not unduly suggestive if the suspect's picture does not stand out more than the others and the people depicted all exhibit similar facial characteristics.

**Commonwealth v. Stiles**, 143 A.3d 968, 978 (Pa. Super. 2016) (citations omitted).

The trial court's factual findings are all technically true, yet each is somewhat misleading, and none rises to the level of suggestiveness required by the legal standard reproduced above. As a case-in-point example, I highlight the trial court taking umbrage with the range of beard lengths present in the array. McAllister indeed has a large beard in his photo. His beard, however, is by no means the largest in an array where everyone has a beard. As with the other four factual findings, the trial court's use of beard length serves to highlight a real but minor variation between the subject and the five other individuals. **See** Trial Court Opinion, 7/20/18, at 4–6. Taken in totality, neither the variations highlighted by the trial court, nor those observable in the photos themselves, cause "the suspect's picture [to stand] out more than the others[.]" **See Stiles**, **supra** at 978. Consequently, suppression was not warranted.

Thus, I concur.